UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS TORRES RAMIREZ,<br>           Plaintiff,<br>    v.<br>VAL, et al.,<br>           Defendants. | Case No. 4:24-cv-02969-KAW<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Re: Dkt. Nos. 5, 8 |

On May 16, 2024, Plaintiff Ramirez filed this case against Defendants Val, et al. (Dkt. No. 1.) Plaintiff also moved to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 2.) On May 30, 2024, the Court considered the second IFP application to be the operative one and denied it without prejudice because it was incomplete to the point where the undersigned could not determine whether Plaintiff qualified for IFP status. (Dkt. No. 5 at 1.) Plaintiff was ordered to file an amended IFP application or pay the filing fee by June 21, 2024. *Id.*

Plaintiff did not file an amended IFP application or pay the filing fee as ordered. On June 26, 2024, the Court issued an order to show cause, in which Plaintiff was ordered to both respond to the order to show cause and either file an amended IFP application or pay the filing fee by August 2, 2024. (Dkt. No. 8 at 1.) Plaintiff was advised that the failure to comply may result in the Court reassigning the case to a district judge with the recommendation that the case be dismissed. *Id.* To date, Plaintiff has still not responded to the order to show cause, paid the filing fee, or filed an amended IFP application.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been

1  considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates
2  as an adjudication on the merits." Fed. R. Civ. P. 41(b).
3      Accordingly, the Court REASSIGNS the case to a district judge, and RECOMMENDS
4  that the case be dismissed for failure to pay the filing fee.
5      Additionally, the Court RECOMMENDS that the case be dismissed with prejudice
6  because the factual allegations are plainly frivolous. Indeed, Plaintiff alleges that Travis Kelce
7  and his co-defendants are interfering with his marriage to Taylor Swift, and he claims that the law
8  permits him to imprison or kill the defendants for their transgressions. (*See* Compl., Dkt. No. 1 at
9  4.) Courts have "the unusual power to pierce the veil of the complaint's factual allegations and
10 dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490
11 U.S. 319, 327 (1989). Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and
12 delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation omitted). "A
13 finding of factual frivolousness is appropriate when the facts alleged rise to the level of the
14 irrational or the wholly incredible, whether or not there are judicially noticeable facts available to
15 contradict them." *Id.* at 33. Again, Plaintiff alleges that he is married to Ms. Swift. (Compl. at 7.)
16 Based on this, he seeks relief that is plainly unavailable and illegal. (*See, e.g.,* Compl. at 4.)
17     The Court further notes that Plaintiff has filed multiple cases with similar allegations,
18 many of which have also been dismissed. (*See Ramirez v. Swift,* 23-cv-3826-AMO; *Ramirez v.
19 Gienger,* 23-cv-3844-CRB; *Ramirez v. Police Department,* 23-cv-3845; *Ramirez v. Breed,* 23-cv-
20 3847-SI; *Ramirez v. Obama,* 23-cv-4559-EMC; *Ramirez v. Swift,* 23-cv-3732-JSW; *Ramirez v.
21 Swift,* 24-cv-2874-CRB; *Ramirez v. Tommasi,* 24-cv-2970-JCS; *Ramirez v. Tommasi,* 24-cv-3023-
22 JCS; *Ramirez v. James,* 24-cv-3064-MMC; *Ramirez v. Val,* 24-cv-2969-KAW; *Ramirez v. Val,*
23 24-cv-3190-VC; *Ramirez v. Lady at this location on day & time,* 24-cv-3322-PHK; *Ramirez v.
24 Certain Individuals,* 24-cv-3323.)
25     Any party may file objections to this report and recommendation with the district judge
26 within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D.
27 Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time
28 may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS*

1   *Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

2         IT IS SO ORDERED.

3   Dated: September 3, 2024

4   _____
    KANDIS A. WESTMORE
5   United States Magistrate Judge